**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4537

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BENJAMIN CORNELIUS BLUE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:15-cr-00223-JAB-1)

Argued: October 24, 2017                                            Decided: December 12, 2017

Before GREGORY, Chief Judge, FLOYD, and HARRIS, Circuit Judges.

Vacated and remanded by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Floyd and Judge Harris joined.

**ARGUED:** Wayne Dillard Inge, LAW OFFICE OF WAYNE D. INGE, Roanoke, Virginia, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Sandra J. Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

GREGORY, Chief Judge:

Defendant-Appellant Benjamin Cornelius Blue appeals his 272-month sentence, which the district court imposed after Blue pled guilty to armed bank robbery and brandishing a firearm during a crime of violence. Blue argues that his sentence is unreasonable because the district court failed to address his nonfrivolous arguments in favor of a downward departure from the sentencing range. We agree. For the reasons that follow, we vacate Blue's sentence and remand for resentencing.

I.

Blue pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) ("Count 1"), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"). The probation officer prepared a presentence report ("PSR"), stating that Blue pointed a firearm at a bank teller and customer during the course of a bank robbery. Blue's co-defendant provided Blue with the firearm that Blue brandished during the robbery and drove the getaway vehicle. The PSR also designated Blue a career offender because of two predicate North Carolina convictions for robbery with a dangerous weapon and federal armed bank robbery. Due to his status as a career offender, the advisory Sentencing Guidelines recommended a range of 188 to 235 months' imprisonment for Count 1. *See* U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2, ch. 5, pt. A (sentencing table) (U.S. Sentencing Comm'n 2015) ("U.S.S.G.").

In addition, Blue faced a statutory mandatory minimum sentence of 84 months' imprisonment on Count 2.  18 U.S.C. § 924(c)(1)(A)(ii).  Thus, Blue's aggregate advisory Guidelines range was 272 to 319 months' imprisonment.  J.A. 83; *see* U.S.S.G. §§ 4B1.1(c)(2)(A), 5G1.2(e).

At sentencing, the district court adopted the PSR as written.  Blue requested that the court impose a sentence of 92 to 115 months' imprisonment on Count 1, to be followed by the mandatory 84-month consecutive sentence on Count 2.  In support of his request, Blue raised several arguments:  he was influenced by his older brothers, who pressured him to commit the previous robbery offenses; he committed the instant offense to support his opiate addiction; he had successfully found employment and was a hard worker; he was a good father to his child and his wife's children from a previous relationship; his co-defendant received a sentence of 63 months' imprisonment; the career offender Guidelines range was overly harsh and failed to deter offenders; he accepted responsibility for his conduct; and he attempted to provide substantial assistance in the prosecution of others, but his attempts were frustrated by factors outside of his control.  The Government did not request a specific sentence but suggested that a low-end sentence would be appropriate.

The district court imposed a 188-month sentence for Count 1 and an 84-month sentence for Count 2 to run consecutively.  In its statement of reasons, the sentencing court first stated that it had considered the Guidelines range for Blue's offenses.  The court found that an aggregate 272-month imprisonment sentence, the low-end of Blue's

3

Guidelines range, was "sufficient, but not greater than necessary, to meet the sentencing objectives of [§] 3553." J.A. 49. The court explained that it had

> [C]onsidered arguments on behalf of [Blue] with respect to history and characteristics. The Court notes [Blue]'s substantial criminal history category and the seriousness of the offense. The Court notes [Blue], with respect to his history and characteristics as well, was influenced a great deal by an older sibling who had a history of engaging in similar criminal activity. The Court notes as well Defendant has experienced a substantial opiate addiction which has contributed to some of his conduct in this case.

J.A. 49.

Blue filed a timely notice of appeal. He challenges the procedural reasonableness of his sentence based on the district court's failure to address his non-frivolous arguments for a downward departure from the Guidelines range.

II.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this deferential standard, we first review for procedural reasonableness. *Id.* at 51. If the district court's decision is procedurally sound, we consider the substantive reasonableness of the sentence imposed. *Id.* Reasonableness, however, "is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing guidelines and by the provisions of § 3553(a)." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006).

For a sentence to satisfy the procedural prong of our review, the district court must begin its sentencing proceeding "by correctly calculating the applicable Guidelines range . . . . [T]he Guidelines should be the starting point and the initial benchmark." *Gall*, 552 U.S. at 49. "The court must thereafter give the parties the opportunity to argue for whatever sentence they deem appropriate and consider those arguments in light of all of the factors stated in 18 U.S.C. § 3553(a)." *United States v. Hernandez*, 603 F.3d 267, 270 (4th Cir. 2010) (citing *Gall*, 552 U.S. at 49–50). The district court must then conduct an "individualized assessment" of the facts and arguments presented and impose an appropriate sentence. *Gall*, 552 U.S. at 50. Finally, the court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

Blue contends that his sentence is procedurally unreasonable because the district court failed to adequately explain the sentence imposed in light of his nonfrivolous arguments for a downward departure.[1] "[W]e have held that for every sentence—whether above, below, or within the Guidelines range—a sentencing court must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010); *see also United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) ("District courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines

---

[1] Blue concedes that the Guidelines range was properly calculated and that the district court properly treated the Guidelines as advisory. Further, Blue does not contest the accuracy of the PSR.

5

range . . . ."). This individualized assessment requires that district courts consider the defendant's nonfrivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen. *Gall*, 552 U.S. at 50. Therefore, a perfunctory recitation of the defendant's arguments or the § 3553(a) factors "without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009).

The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. "The appropriateness of brevity or length, consciousness or detail, when to write, what to say, depends upon the circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Id.*

On one end of the spectrum, some cases require only a brief explanation of the sentencing judge's conclusions, such as when a judge "appl[ies] the Guidelines to a particular case" because the case is typical and "the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case." *Rita*, 551 U.S. at 356–57. Blue's sentencing record does not state whether the district court found this case to be typical or squarely addressed by the Guidelines. The district court mentioned the Guidelines but it did not explain whether the Guidelines incorporate Blue's particular circumstances or the arguments he raised. Even if the court had actually

found that the Guidelines squarely addressed Blue's individual characteristics, it failed to state so on the record.

On the other end of the spectrum, in cases where, as here, "the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence" the judge "will normally go further and explain why he has rejected those arguments." *Rita*, 551 U.S. at 357. "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* A sentencing court's explanation is sufficient if it, "although somewhat brief[ly], 'outline[s] the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure.'" *Lynn*, 592 F.3d at 584 (quoting *United States v. Johnson*, 587 F.3d, 625, 639 (4th Cir. 2009)). However, "'where the district court could have made precisely the same statements in support of' a different sentence," we have found the explanation to be inadequate and have remanded for resentencing. *Id.* at 585 (quoting *Carter*, 564 F.3d at 329).

Here, the sentencing court provided no such explanation.[2] Instead, the court stated that it had considered Blue's arguments, the § 3553(a) factors, and the Guidelines. But the sentencing court's statement of reasons only referenced two of Blue's arguments at sentencing—the influence of his older brothers and his opiate addiction—and left six arguments unaddressed. Thus, we must consider whether the sentencing court's failure to

---

[2] The Government does not dispute that Blue's arguments are nonfrivolous and conceded as much at oral argument before this Court.

7

acknowledge or address those six nonfrivolous arguments for a downward departure renders Blue's sentence procedurally unreasonable. We find that it does.

This Court previously addressed a similar scenario in *United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010). There, we found Lynn's within-Guidelines sentence to be procedurally unreasonable because the sentencing court failed to explain why it rejected Lynn's nonfrivolous arguments for a downward departure. *Id.* at 583. The sentencing court made only a passing reference to one of these arguments, an "explanation" we found "inadequate because it failed to address Lynn's specific § 3553 arguments or explain why the sentence imposed on him was warranted in light of them." *Id.* at 584. Our decision in *Lynn* makes it clear that a sentencing court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review.

Here, the district court failed to acknowledge or explain six additional arguments that Blue raised in his sentencing briefs and at his hearing: 1) the career offender Guideline range was overly harsh and failed to deter offenders; 2) a within-Guidelines sentence was too severe in light of his co-defendant's 63-month sentence; 3) he had a positive employment record; 4) his family relationships had developed since his prior robbery convictions; 5) he had accepted responsibility; and 6) he had attempted (albeit unsuccessfully) to assist in the prosecution of others. J.A. 35–44. Therefore, the district court's failure to address Blue's arguments, as well as its failure to explain whether and why it rejected them, render Blue's sentence procedurally unreasonable.

8

The Government presents three arguments in defense of the sentence imposed. First, the Government argues that Blue's sentence is entitled to a presumption of reasonableness because it is within the Guidelines range. This argument is misguided. While sentences that fall within the Guidelines range are entitled to a presumption of substantive reasonableness, we typically do not apply that presumption to the procedural prong of our reasonableness inquiry. *See, e.g.*, *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014); *United States v. Yooho Weon*, 722 F.3d 583, 590 (4th Cir. 2013); *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012); *United States v. Evans*, 526 F.3d 155, 161–62 (4th Cir. 2008). Applying the presumption to the first prong of our reasonableness inquiry would effectively eliminate the requirement that sentencing courts adequately explain all sentences, even those within the Guidelines, and would be inconsistent with this Court's precedent.

Second, the Government argues that the sentencing court gave Blue ample opportunity to present arguments, both through his briefs and during the sentencing hearing. Indeed, Blue submitted three briefs to the sentencing court and raised the same arguments orally. But providing the defendant with ample opportunity to present arguments and properly considering those arguments are separate requirements of procedural reasonableness. *Hernandez*, 603 F.3d at 270 ("The court must . . . give the parties the opportunity to argue for whatever sentence they deem appropriate and consider those arguments in light of all of the factors stated in 18 U.S.C. § 3553(a)."). Our inquiry here focuses on whether the sentencing court addressed and explained the defendant's nonfrivolous arguments prior to sentencing. *See Lynn*, 592 F.3d at 585.

Third, the Government argues that the district court's explanation for Blue's sentence was sufficient to demonstrate reasoned decisionmaking and provided an adequate basis for appellate review. In support, the Government points to several lines from the sentencing court's statement of reasons, in which it "considered arguments on behalf of the defendant with respect to history and characteristics," "note[d] the Defendant with respect to his history and characteristics as well, was influenced a great deal by an older sibling who had a history of engaging in similar criminal activity," and "note[d] as well Defendant has experienced a substantial opiate addiction which has contributed to some of his conduct in this case." J.A. 52. The Government renewed this argument in its supplemental authorities letter, arguing that the district court's explanation is "brief but legally sufficient." Gov't Ltr. Pursuant to Fed. R. App. P. 28(j) at 2. The Government relies on the dissent in *United States v. Slappy*, 872 F.3d 202 (4th Cir. 2017), which, in turn, cites our decision in *Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006).

In *Montes-Pineda*, the defendant argued that his sentence was procedurally unreasonable because the district court failed to adequately explain his sentence. *Id*. at 380. This Court found that the sentence was procedurally reasonable for three reasons. First, "although the district court did not expressly mention § 3553(a), it clearly invoked three of the § 3553(a) factors" by discussing the application of the statute's principles to the defendant's case. *Id.* at 380–81. Second, the undisputed record strongly supported an inference that "a shorter prison term was inappropriate for a defendant who had repeatedly committed a serious offense and who had already proven immune to other

10

means of deterrence." *Id.* at 381. Third, the district court "engaged counsel in a discussion about the disparities between 'fast track' and non-'fast track' districts," one of the defendant's arguments for a downward departure. *Id.*

*Montes-Pineda* stands for the proposition that we "will not vacate [a] sentence simply because the [district] court did not spell out what the context of its explanation made *patently obvious*. . . ." *Id.* at 380 (emphasis added). We recognized that "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." 445 F.3d at 381. For instance, reviewing courts may infer such consideration where the sentence imposed is explicitly tailored to address a defendant's individual characteristics, such as requiring substance abuse treatment for defendants who struggle with drug and alcohol abuse issues. *See Johnson*, 445 F.3d at 346. Reviewing courts may also infer that a sentencing court gave specific attention to a defendant's argument for a downward departure if the sentencing court engages counsel in a discussion about that argument. *See Gall*, 552 U.S. at 599 ("[I]t seems that the judge gave specific attention to the issue of disparity when he inquired about the sentences already imposed by a different judge on two of Gall's codefendants."). Absent such contextual indicators, however, we have declined "to guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Carter*, 564 F.3d at 329–30.

The Government argues that there is enough context here for this Court to conduct a meaningful appellate review of Blue's sentence. But we cannot "imbue" the district

11

court's explanation "with enough content for us to evaluate" the reasonableness of the sentence because nothing in the context of Blue's sentence makes it "patently obvious" that the district court found Blue's arguments to be unpersuasive. *Montes-Pineda*, 445 F.3d at 381. First, the district court did not explain how the § 3553(a) factors or their principles shaped its sentencing decision. Second, the record does not show that Blue was immune to other means of deterrence. Finally, the district court did not engage counsel in a discussion about the merits of Blue's arguments for a downward departure; it simply heard those arguments. Thus, faced with the absence of contextual support in Blue's record, we lack the necessary information to conduct a meaningful appellate review and we decline to speculate how the sentencing court disposed of Blue's arguments for a downward departure.

Although we must give sentencing courts adequate deference, our review of sentences for procedural reasonableness relies on statements contained in the sentencing record. We cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it "patently obvious." *Id*. Likewise, we cannot fashion an explanation for the district court's sentencing decision merely because it falls within the Guidelines range. Our prior cases make abundantly clear that "[d]istrict courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range . . . ." *Id*. Any other outcome would erode the standard set by the Supreme Court in *Rita* and *Gall* and effectively compromise this Court's ability to conduct a meaningful appellate review.

This decision does not limit the discretion district court judges may exercise in tailoring a sentence. We are not asking district courts to curb their judgment or "robotically tick through § 3553(a)'s every subsection" when explaining a sentence. *Cf. Johnson*, 445 F.3d at 345. Rather, we are reminding district courts of their duty to explain their sentencing reasoning on the record.

Having concluded that Blue's sentence is procedurally unreasonable, "we cannot review the sentence for substantive reasonableness." *Carter*, 564 F.3d at 330 n.4 (citing *Gall*, 552 U.S. at 51). Here, the district court's procedural errors alone are grounds for resentencing. *Id.* at 329.

## III.

For these reasons, we vacate Blue's sentence and remand for resentencing.

*VACATED AND REMANDED*